Defendant, Gregory White, appeals from an order of the trial court overruling his R.C. 2953.21 petition for post-conviction relief. As grounds for that relief, Defendant claimed that the trial court erred when it failed to instruct the jury on an element of the offense of which he was convicted. The trial court found that the issues presented in the petition are barred by the doctrine of res judicata, and it overruled the petition on that basis.
Defendant White presents three assignments of error on appeal. The first and the third challenge the trial court's application of the doctrine of res judicata.
A valid final judgment rendered upon the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Grava v. Parkman (1995), 73 Ohio St.3d 379. That doctrine is known as res judicata. Under the doctrine ofres judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in a post-conviction relief proceeding any claimed lack of due process that was raised or could have been raised in a prior appeal from his conviction. State v. Perry (1967),10 Ohio St.2d 175.
Defendant filed an appeal from his conviction, which we affirmed on appeal. State v. White (May 18, 1990), Clark App. No. 2625, unreported. The claimed defect in the court's instructions to the jury on which his subsequent petition for post-conviction relief was based could have been raised in that appeal, but was not. Therefore, it is barred from use as grounds for post-conviction relief by the doctrine of resjudicata. State v. Perry, supra. The first and third assignments of error are overruled.
For his second assignment of error, Defendant argues that the trial court erred when it failed to enter the findings of fact and conclusions of law that R.C. 2953.21(G) requires when a petition for post-conviction relief is denied. We construe that requirement to apply to the court's rejection of the grounds presented in support of the claim on their merits. Res judicata
operates to bar the claim itself, irrespective of its merits. Therefore, when the doctrine is applied to overrule or deny a claim, no findings of fact or any other conclusions of law need be expressed. The second assignment of error is overruled.
The judgment of the trial court will be affirmed.
WOLFF, J. and FAIN, J., concur.
Copies mailed to:
William D. Hoffman, Esq. Gregory White Hon. Gerald F. Lorig